The Honorable Lance Hudnell Office of the City Clerk 133 Convention Boulevard Post Office Box 700 Hot Springs National Park, Arkansas 71902
Dear Mr. Hudnell:
You have requested approval of an agreement between Garland County, Arkansas and the City of Hot Springs, Arkansas entitled "2008 Interlocal Agreement for Detention Services" (hereinafter "Agreement"), under the terms of which the parties agree concerning the detention of the City's prisoners and the allocation of expenses associated with a new detention facility to be constructed by the County. Although you have not identified the authority under which you seek my review, I note that the Agreement states that it is "promulgated pursuant to the authority of A.C.A. § 14-14-901 and A.C.A. § 25-20-104. . . ." Agreement at 7 (Section IX — "Miscellaneous.")
RESPONSE
It is my conclusion that the Agreement it is not within my statutory authority to approve or disapprove. This is not to say, however, that the proposal itself is contrary to law. It simply does not come within the definition of an "interlocal agreement" subject to approval by this office. I therefore must respectfully decline your request for my review.
As an initial matter, it must be noted that that my approval of agreements entered into pursuant to A.C.A. § 14-14-910 — which is part of the County Government Code — is required only if the state or a state agency is a party to the agreement. See id. *Page 2 
at (d). Because neither the state nor any state agency is a party to this proposed Agreement, my approval is not required by subsection 14-14-910.
The other provision cited in the Agreement — A.C.A. § 25-20-104
— is part of the Interlocal Cooperation Act, A.C.A. §§ 25-20-101 — 108 (Repl. 2002 and Supp. 2007). This Act provides that I must review any agreement entered under the Act to determine both whether the agreement is in proper form and whether it is otherwise compatible with state law. A.C.A. § 25-20-104(f)(1) (Repl. 2002). The legislature has identified the Act's purpose as follows:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102 (Repl. 2002) (emphasis added).
Consistent with the intent to facilitate mutual endeavors through regionally appropriate "forms of governmental organization," the Act authorizes agreements for "joint cooperative action" and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board. A.C.A. § 25-20-104(b)-(d). I have previously observed the following in this regard:
 A key factor appears to be whether the agreement assigns each party any obligations or functions showing that each is an active participant in activities that each entity might exercise independently. See Op. Att'y Gen. 2006-042; compare Op. Att'y Gen. 2004-194 (acknowledging the propriety under the Act of an agreement between a city and a county to construct a track to be used by each entity, although rejecting the agreement on other grounds); Op. Att'y Gen. 2005-173 (approving an agreement between a city and a county to cooperate in the construction and operation of a justice complex to serve both entities, with the facility to be *Page 3 
administered by a joint board consisting of the county judge and the city administrator).
Op. Att'y Gen. 2008-029 at 5.
Having analyzed the agreement you have submitted, I do not believe it contemplates a "joint undertaking" of the type authorized by the Act. The Agreement expresses the parties' desire to "establish a formal binding relationship between the City and County for the housing of City pre-trial detainees and prisoners at the Garland County Detention Facility. . . ." Agreement at 2 (Section I — "Purpose.") To accomplish this purpose, as well as the County's desire to construct a new detention facility, the County agrees to construct and equip the facility through the issuance of sales tax bonds, and the City agrees to use a portion of annual sales tax revenues to pay its agreed share of jail operation, maintenance, and amortization of construction expense.Id. at 4 (Section IV-"Construction, Operation and Maintenance Expense.") Apparently in consideration of the City's contribution of tax funds, the Agreement requires the County to "accept and provide for the secure custody, care, and safekeeping of City pre-trial detainees and prisoners. . . ." Id. at 2 (Section II — "Support and Medical Services.")
The Agreement therefore memorializes an agreement between the County and the City regarding the allocation of costs for housing city prisoners. Although the action contemplated by the Agreement would appear to be considered a valid exercise of the powers of a county and a city, see generally A.C.A. § 12-41-506 (regarding expenses of municipal prisoners held in county jails) and Op. Att'y Gen. 2005-278 (regarding a sales and use tax in Miller County devoted to jail facilities), it is my conclusion that it does not come within the definition of an "interlocal agreement" as contemplated by A.C.A. § 25-20-104. The detention facility will be a county-run facility, with no separate administrator or joint board. See Agreement at 6 (Section VII — "Administrator.") The City will have no part in the operation or management of the facility. Indeed, it appears that there is no agreement on the part of the City to do anything but use its portion of sales tax revenues as specified. The Agreement consequently appears to be more in the nature of a straightforward contract of the type the parties might enter into without my approval. See A.C.A. § 25-20-108 (Repl. 2002). *Page 4 
Because the document submitted is not an interlocal agreement for purposes of A.C.A. § 25-20-104, it is not within my statutory authority to approve or disapprove.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General *Page 1